# COMPLAINT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. JOSEPH

THE ESTATE OF TONY ALLEN HOYT,
Deceased, by KATHY SULLIVAN,
Personal Representative,

      Plaintiff,                       Case No.: 22-227-NI

vs.                                Hon.: Paul Stutesman

BRITTANI RENE STRONG
and BRYAN COOK,

      Defendants.

_____/

| | |
|---|---|
| DAVID K. WHIPPLE (P36767) | DAVID A. COUCH (P57010) |
| SKUPIN & LUCAS, P.C. | Garan Lucow Miller PC |
| Attorneys for Plaintiff | Attorney for Defendants |
| 290 Town Center Drive | 300 Ottawa Ave, NW, Ste 800 |
| Dearborn, MI 48126 | Grand Rapids, MI 49503 |
| (313) 961-0425 \| (313) 961-1033 (f) | (616) 742-5500 |
| dwhipple@skupinandlucas.com | dcouch@garanlucow.com |
| soldenburg@skupinandlucas.com | shancock@garanlucow.com |

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged
in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred
after have been assigned to a judge, nor do I know of any other civil action, not between these parties, arising
out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously
filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## PLAINTIFF FIRST AMENDED COMPLAINT

## COUNT I

## COMMON ALLEGATIONS

NOW COMES Plaintiff, THE ESTATE OF TONY ALLEN HOYT, Deceased, by

KATHY SULLIVAN, Personal Representative, by and through her attorneys, SKUPIN &

LUCAS, P.C., and hereby complains against the above-named Defendants, BRITTANI

RENE STRONG, BRYAN COOK, and THE CITY OF THREE RIVERS as follows:

1.      That the amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney fees.

2.      That the Plaintiff, THE ESTATE OF TONY ALLEN HOYT, Deceased, by KATHY SULLIVAN, as Personal Representative, was a resident of the City of Three Rivers, County of St. Joseph, State of Michigan.

3.      That the Defendant, BRITTANI RENE STRONG (Defendant Strong) is a resident of the City of Three Rivers, County of St. Joseph, State of Michigan.

4.      That Defendant BRYAN COOK (Defendant COOK) is a resident of the City of Three Rivers, County of St. Joseph, State of Michigan, and was the owner of a 2010 Jeep Compass, bearing Michigan license plate BK1233.

5.      That Defendant CITY OF THREE RIVERS (Defendant CITY) is a duly organized city, political subdivision, and a place of public accommodation providing public services in the City of Three Rivers, County of St. Joseph, State of Michigan.

6.      That on or about July 19, 2021, Plaintiff, TONY ALLEN HOYT, Deceased, was lawfully on the edge of the road/roadway, lawfully proceeding in full view and visibility on a motorized wheelchair and treated as a pedestrian and was so lawfully proceeding in the roadway based upon the Defendant CITY's obligations, responsibilities, and statutory violations as hereinafter detailed and described.

7.      That at the aforementioned place and location Defendant STRONG was proceeding westbound on Millard Street in a 2010 Jeep Compass bearing Michigan license plate BK1233 and did then and there lose control of her vehicle and did fail to see the pedestrian which was then and there lawfully before her and as result did then and there strike the Plaintiff causing a severe motor vehicle/pedestrian collision and death.

8.      That as a result of said collision, Plaintiff, Tony Allen Hoyt, was killed.

2

## COUNT II
## NEGLIGENCE OF DEFENDANTS BRITTANI RENE STRONG and
## BRYAN COOK

The Plaintiff THE ESTATE OF TONY ALLEN HOYT, deceased, by KATHY SULLIVAN, as Personal Representative hereby incorporates by reference each and every allegation stated in Count I, the Common Allegations, and further complains:

9.     That at all times pertinent hereto Defendants STRONG and COOK, owed a duty to the people of the State of Michigan including Plaintiff, THE ESTATE OF TONY ALLEN HOYT, Deceased, by KATHY SULLIVAN, as Personal Representative, to operate the vehicle in a reasonable and safe manner consistent with the Michigan common law, statutes and local ordinances.

10.    That Defendants STRONG and COOK, breached that duty and were negligent consisting, intra alia, of the following:

     a.  Operating the vehicle at a rate of speed over the posted speed limit and at a speed too fast for conditions in violation of MCL 257.627;

     b.  Failure to operate the vehicle at a careful and prudent speed which was not greater than, nor less than reasonable and proper speed having due regard for traffic, surface and width of the road and other conditions then existing in violation of MCL 257.627;

     c.  By operating the vehicle in a manner which she did not keep a reasonably careful and diligent lookout in the direction in which it was moving, so as to avoid the collision;

     d.  By operating the vehicle in such a manner as to not keep a proper lookout and take notice of the conditions that were before it;

     e.  By unlawfully failing to yield to the pedestrian in plain view to be seen at a speed which was too fast.

     f.  By operating the vehicle under the influence of intoxicating liquors and having a blood alcohol level of .03 or more;

     g.  Violation of MCL 257.626 for operating the vehicle in a reckless, willful and wanton manner with disregard of the safety of the persons on the highway;

3

h.  Violation of MCL 257.626(b) for operating the vehicle in a careless and negligent manner on the highway likely to endanger persons; and

i.  Negligent entrustment and liability under the Michigan Owners Liability Statute.

11.    That as a direct and proximate result of Defendants STRONG and COOK's negligence, Plaintiff THE ESTATE OF TONY ALLEN HOYT, Deceased, suffered serious injuries and damages which resulted in his death.  That further, prior to his passing, he suffered serious mental anguish, pain and suffering, injuries and limitations including serious impairment of body function and death.

12.    That in addition thereto, Plaintiff, THE ESTATE OF TONY ALLEN HOYT, Deceased suffered and claims damages for any and all damages available under the Michigan No-Fault Act and the Wrongful Death Statute.

### COUNT III
### VIOLATION OF STATUTES, CODES OR ORDIANCES BY DEFENDANT THREE RIVERS

The Plaintiff, The Estate of Tony Allen Hoyt, deceased, by Kathy Sullivan, as personal representative hereby incorporates by reference each and every allegation stated in Count I, and Count II, and further complains:

13.    That the Plaintiff decedent was a disabled person as the term is defined under the Persons with Disabilities Civil Rights Act (PWDCRA), and the other statutes, codes, and ordinances herein detailed and described.

14.    That Defendant CITY as a political subdivision and a place of public accommodation has a duty and is responsible, *inter alia*, for the provision, repair and maintenance of the sidewalks within the city and to be compliant with all applicable statutes, laws, ordinances and codes, including but not limited to the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq, construction of

4

sidewalks for use by persons with physical disabilities, MCL 125.1361, The

Americans With Disabilities Act, 42 USC 12101 et seq, 42 USC 1983, Local

Building Codes, the common law, and the Three Rivers code and ordinances.

15.    That said City under the statutes so stated engaged in conduct prohibited

by said statutes, including MCL 37.1302 and is in violation of the same and said

violation include, but are not limited to the following;

    a.  That despite Plaintiffs decedent's disability and being otherwise qualified the Defendants intentional actions have excluded him from participating, and has been denied the benefits of and has been subject to discrimination based upon his disability, and but for the disability, the discrimination would not have occurred;

    b.  That the discrimination was intentionally directed toward him in particular, not disabled persons generally, in that Plaintiffs decedent was the only individual in Three Rivers, Michigan to use the public sidewalks and or streets in a motorized wheelchair, which Defendant knew having witnessed and encountered Plaintiffs decedent on numerous occasions, and Defendants accommodations were ineffective and or not existent;

    c.  Failed to comply with the statutes and regulations here in detailed that create certain accessibility standards, including the sidewalk accessibility regulations, and failure to have a formal transition plan in place to comply with the requirements herein complained of;

    d.  That in addition to Defendants intentional discrimination toward Plaintiffs decedent specifically, failed to provide him with meaningful access to public services, and failed to take affirmative steps to remove architectural barriers to such access in the process of maintaining and or altering existing sidewalks. See, *Ability Center of Greater Toledo v City of Sandusky, 385 F3rd 901(6th Cir. 2004)*;

    e.  Failed to make reasonable accommodations for the disabled decedent so as not to deprive him of meaningful access to the benefit of the services said City was required to provide;

    f.  That the rights and claims herein stated do not in any way enlarge the statutory private right of action intended by the act's statutes and regulations herein;

    g.  Failure to install proper curb cuts, such that Plaintiffs decedent was forced to ride his wheelchair in the street instead of the sidewalk;

5

h. Failing to construct said sidewalks at all or failure to construct them in a manner that would facilitate use by persons with physical disabilities in violation of the statute so stated including MCL 37.1302; 42 USC 12101, 42 USC 1983, and MCL 125.1361;

i. Failing to at points of intersection between pedestrian and motorized lines of travel, and at other points when necessary to avoid abrupt changes in grade, slope and gradually from the sidewalk to street level so as to provide an uninterrupted line of travel in violation, *inter alia*, of MCL 125.1361;

j. Failure to abide and comply with the applicable standards, state transportation department proscribed and otherwise, regarding the slope gradient, width, and slip resistant qualities that would have but for Defendant CITY's actions and/or inactions assured that the sidewalk would accommodate a person, including Plaintiffs descendant, in a wheelchair because of physical disabilities in violation, *inter alia*, MCL 125.1361; (PWDCRA),(ADA) and 42 USC 1983;

k. Violation of building and/or local city codes including but not limited to chapter 20, sections 20-3 and 20-3.9 of the Three Rivers City Code, rules and regulations;

l. The City's actions were while operating under color of law and pursuant to Defendants custom, policies, practices and local ordinances and thereby caused the statutory violations as hereinbefore and hereinafter complained of;

m. That said violations of said statutes, ordinances, and/or common law by the Defendant CITY constitutes negligence per say and/or is evidence of negligence in and of itself, *inter alia*;

n. That Plaintiff hereby incorporates by reference the co-defendants STRONG and COOKS nonparty at fault notification as if fully set forth herein;

o. Other actions, inactions and/or violations to be discovered for which plaintiff prays leave to complain of when ascertained.

16.    That as a direct and proximate result of the Defendant actions and/or inactions as hereinbefore detailed and described, the Plaintiff descendant who had a significant limited ability to walk, among others, was denied access to facilities, establishments, right to travel, located within the bounds of the City and public sidewalks because of Defendant CITY's choice to eliminate and/or failure to

6

properly construct/maintain a significant number of sidewalk accesses, if provided at all.

17.    That said actions and/or inactions and statutory violations of the Defendant CITY as hereinbefore detailed and described created an animus toward and disregard for individuals, including Plaintiff, with disabilities, specifically the CITY's attempt to limit and decrease the availability of access and travel. That as a direct and approximate result of the Defendants actions and hereinbefore detailed and described Plaintiffs decedent, Tony Hoyt, was on several prior occasions thrown from his wheelchair based upon the lack of or debilitated condition and in statutory violation of its sidewalks, which made it impracticable to use, thereby forcing Plaintiffs decedent to use the roadway itself, which he lawfully did so in compliance with MCL 257.655.

18.    That but for the Defendants CITY actions and/or inactions and statutory violations the Plaintiff's decedent would not have been forced to use the roadway, which ultimately caused his death.

19.    That as a direct and approximate result of the Defendant CITY's actions, inactions, and violations as hereinbefore detailed and described, Plaintiff, THE ESTATE OF TONY ALLEN HOYT, deceased, suffered serious injuries and damages which resulted in his death. That further, prior to his passing, he suffered serious mental anguish, pain and suffering, injuries and limitation including serious impairment of bodily function and death.

20.    That in addition thereto Plaintiff, THE ESTATE OF TONY ALLEN HOYT, deceased, suffered damages and claims damages for any and all damages available under the Michigan No-Fault Act, the other statutory violations herein mentioned, and the Michigan Wrongful Death Statute.

7

WHEREFORE, for the reasons as stated above, Plaintiff THE ESTATE OF TONY ALLEN HOYT, Deceased, by KATHY SULLIVAN, Personal Representative, prays for damages against Defendants BRITTANI RENE STRONG, BRYAN COOK and THE CTTY OF THREE RIVERS in whatever amount in excess of $1,000,000.00 to which it is found entitled together with costs, interest and attorney fees.

Respectfully Submitted,

**SKUPIN & LUCAS, P.C.**

By:  _David Whipple_
DAVID K. WHIPPLE (P36767)
Attorney for the Plaintiff
290 Town Center Drive, Suite 324
Dearborn, MI 48126
(313) 961-0425

Dated:  November 3, 2022

8